940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearlie Mae WESTCARTH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3150.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying her motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. She includes in her brief a request for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pearlie Mae Westcarth was charged with various drug-related offenses in an eight-count indictment. She pleaded guilty to counts 6 and 8, possession with intent to distribute cocaine base and carrying a firearm in relation to a narcotics felony. Pursuant to a Fed.R.Crim.P. 11 plea agreement, the remaining charges were dismissed. Westcarth was sentenced to a total term of 181 months imprisonment and a five year term of supervised release. Additionally she was ordered to pay a one hundred dollar special assessment.
 
 
 4
 Subsequent to sentencing, Westcarth filed her motion to vacate sentence under 28 U.S.C. Sec. 2255. As grounds for relief, she maintained that her plea was involuntary and that counsel's assistance was ineffective. She alleged that she was coerced by counsel into entering a guilty plea under threat of receiving a greater sentence. She further alleged that cocaine found in her apartment was the property of unidentified persons who attacked her home.
 
 
 5
 Upon review, we conclude that the motion to vacate sentence was properly denied. Westcarth's assertions that she did not understand the nature of the charges, the penalties to which she was exposed, or the extent of the rights she was waiving by entering a plea of guilty are simply not supported by the record.
 
 
 6
 Accordingly, the request for appointment of counsel is denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation